UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Jason Anthony Brown
(A-Number: 062-123-508),

Petitioner,

v.

Tonya Andrews et al.,

Respondents.

No. 1:26-cv-08387-KES-GSA

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner Jason Anthony Brown is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 3. The court has previously addressed the legal issues raised by the petition—that, when a noncitizen has lived at liberty for years while his immigration case proceeds pursuant to the government's affirmative decision not to detain him, and then is subsequently re-detained, the Due Process Clause requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Medvezhov v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-05918-KES-SAB (HC), 2026 WL 2234501 (E.D. Cal. Aug. 3, 2026); *Arikapudi v. Andrews*, No. 1:26-CV-05805-KES-EGC (HC), 2026 WL 2368115 (E.D. Cal. Aug. 16, 2026); *Tusov v. Andrews*, No. 1:26-CV-07953-KES-SAB (HC), 2026 WL 3102165 (E.D. Cal. Oct. 18, 2026).

Respondents argue that Brown's detention is mandatory under 8 U.S.C. § 1226(c) because "[d]ue to Petitioner's arrest for Possessing Marijuana for Sale, he is considered a controlled substance trafficker pursuant to 8 U.S.C. § 1182(a)(2)(C)(i), where any alien who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance" must be detained. Doc. 9 at 2–3; *see* 8 U.S.C. §§ 1226(c)(1)(A),[1] 1182(a)(2)(C)(i). But the only charging document in the record is the Notice to Appear from 2014, which predates Brown's arrest for marijuana violations and charges Brown under § 1227(a)(1)(D)(i), not § 1226(c)(1)(A). Doc. 9 at 10. And "numerous decisions in this district hol[d] that an administrative charge of inadmissibility is a prerequisite to mandatory detention under 8 U.S.C. § 1226(c)(1)(A)." *P.S. v. Mullin et al.*, No. 1:26-CV-08084-MWJS, 2026 WL 3205964, at *1 (E.D. Cal. Oct. 26, 2026). Respondents do not allege that Brown has been convicted of any such offense, and they fail to show that they have detained Brown pursuant to § 1226(c)(1)(A). Additionally, they submit documentation showing that an immigration judge held a custody redetermination hearing pursuant to § 1226(a) on October 30, 2026, which conflicts with their argument to this court that respondent is detained pursuant to § 1226(c).

Respondents also argue that, if § 1226(c) does not apply, Brown "would then be subject to detention pursuant to 8 USC § 1226(a)." *Id.* at 6. They argue that Brown's "habeas petition should be considered moot to the extent he challenges his detention without a bond hearing," because he eventually received a hearing under § 1226(a). *Id.* at 6. The record includes an order from an immigration judge finding that Brown "has not borne his burden of showing that he does not pose a danger to the community." Doc. 11 at 5. But when the government seeks to re-detain a noncitizen in these circumstances, the government bears the burden of proving by clear and convincing evidence that the noncitizen is a flight risk or danger to the community. *See* *Medvezhov*, 2026 WL 2234501; *Arikapudi*, 2026 WL 2368115; *Tusov*, 2026 WL 3102165.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are

---

[1] Respondents state that Brown "is subject to detention under 8 U.S.C. § 1226(c)(1)(B)," but their ensuing argument makes clear that they mean § 1226(c)(1)(A), which, unlike § 1226(c)(1)(B), mandates detention for noncitizens who meet § 1182(a)(2)(C)(i)'s criteria.

ORDERED to provide petitioner Jason Anthony Brown (A-Number: 062-123-508) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide Brown with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate by clear and convincing evidence that Brown is a flight risk or danger to the community such that his re-detention is appropriate. Brown may be represented by an attorney at this hearing, and respondents may extend the deadline at Brown's request so that he can obtain an attorney. If Brown obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. The neutral decisionmaker must consider Brown's financial circumstances and alternative conditions of release in the event Brown is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond. If respondents do not provide Brown with a bond hearing within fourteen (14) days, then respondents must release him.[2]

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: November 23, 2026

UNITED STATES DISTRICT JUDGE

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.